**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **COSMOS ENERGY, LLC, for itself and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 26-CV-187-JFH-GLJ** |
| **CONTINENTAL RESOURCES, INC.** | ) | |
| **Defendant.** | ) | |

# ORDER

Before the Court is Defendant Continental Resources, Inc.'s Motion to Stay Proceedings Pending Appeal in *Fitzgerald v. Merit Energy Company, LLC* and Brief in Support [Docket No. 23]. Plaintiff brings this action on behalf of itself and a putative class for deducting costs necessary to create a marketable product in violation of Defendant's express and implied duty to market and breach of Defendant's express contractual agreement to pay royalties on volumes of gas used off the lease premises as plant fuel. On July 24, 2026, this matter was referred to the undersigned for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 (Docket No. 18). For the reasons set forth herein, Continental Resources, Inc.'s Motion to Stay is DENIED IN PART and GRANTED IN PART.

## Background

Plaintiff alleges that Defendant underpaid royalties to itself and putative class members because Defendant improperly charged royalty owners for processing,

transportation, fractionation, and storage, as well as failing to pay royalties on gas consumed off the leased premises in processing plants as plant fuel. *See* Docket No. 2. Defendant moves to stay all proceedings in this case during the pendency of the appeal to the Oklahoma Supreme Court of *Fitzgerald v. Merit Energy Company, LLC*, Oklahoma Court of Appeals, Case No. 121,355. *See* Docket No. 23. In *Fitzgerald*, the Oklahoma Court of Civil Appeals ("COCA"), decided what it described as the heretofore undecided question of "whether the holdings in the *Mittelstaedt* trilogy[1] require *Merit*, at its sole expense, to transform the Y Grade into commodity purity products, the marketable products at issue in [*Fitzgerald*]." *Id*., Ex. 1. The *Fitzgerald* defendant filed a Petition for Writ of Certiorari with the Oklahoma Supreme Court, which is pending as of the date of this Order. *See* Docket No. 25, Ex. 1. Defendant seeks a stay of this case because it argues a review of *Fitzgerald* by the Oklahoma Supreme Court will likely be instructive on the manner in which this case may proceed. *See* Docket No. 23. Plaintiff objects to a total stay of this case, although it is amenable to limiting discovery to matters not at issue in *Fitzgerald* until the Petition for Writ of Certiorari is resolved and/or the appeal is final. *See* Docket No. 25, p. 2.

[1] *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, 954 P.2d 1203 ("*Mittelstaedt*"); *Wood v. TXO Prod. Corp.*, 1992 OK 100, 854 P.2d 880 ("*Wood*"); *TXO Prod. Corp. v. State ex rel. Comm'nrs of the Land Office*, 1994 OK 131, 903 P.2d 259 ("*CLO*") (collectively, "the *Mittelstaedt* trilogy").

## Analysis

### I. Legal Standard

A district court has the power to stay proceedings pending before it and to control its docket for the purpose of "economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) ("The granting of the stay ordinarily lies within the discretion of the district court."). Typically, "[f]actors relevant to the court's decision are (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Alzheimer's Inst. of Am. v. Comentis, Inc.*, 2010 WL 11508734, at *2 (W.D. Okla. Dec. 17, 2010). "When applying for a stay, a party must show 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." *Ben Ezra, Weinstein, and Company, Inc. v. America Online Inc.,* 206 F.3d 980, 987 (10th Cir. 2000) (quoting *Span–Eng Assocs. v. Weidner*, 771 F.2d 464, 468 (10th Cir.1985)).

### II. Stay Pending Resolution of *Fitzgerald*

Defendant argues that a stay is necessary because Plaintiff's claims are based on *Fitzgerald* and *Fitzgerald* represents a "drastic departure from Oklahoma's marketable condition rule." *See* Docket No. 23, p.1. Specifically, Defendant argues the case should be indefinitely stayed until the Oklahoma Supreme Court rules on the *Fitzgerald* defendant's Petition for Writ of Certiorari and/or reviews the COCA opinion. *Id.* Defendant argues that the outcome of *Fitzgerald* will likely guide the legal theory of

Plaintiff in this case and serves the interest of justice and judicial economy because Plaintiff is likely to seek overly burdensome discovery. *Id*., pp. 7-8. Plaintiff responds that its legal theories are not entirely predicated on *Fitzgerald*, in particular its claim of breach of contract to pay royalties on the volume of gas used off the lease as plant fuel, that Defendant fails to satisfy its burden for a stay, and that it is agreeable to limiting discovery to Defendant's concerns regarding overly burdensome discovery. *See* Docket No. 25. Both parties spend much of their briefs arguing whether *Fitzgerald* represents a drastic departure from existing law or is applying existing law to an unanswered question, although that question is not before the undersigned Magistrate Judge in this motion.

As set forth above, courts typically examine three factors in weighing whether a stay is warranted. Each factor is addressed below.

**1. Judicial Economy**

Defendant argues that a stay serves the interests of justice and judicial economy because the Plaintiff's theories based on *Fitzgerald* will lead to burdensome discovery and motion practice. *See* Docket No. 23, p. 8-9. Plaintiff responds noting that its fuel use claim is unrelated to *Fitzgerald* and discovery for this claim will be extensive because it involves 20,000 or more leases and will take a lengthy time to conduct the necessary review. Therefore, Plaintiff argues that an indefinite stay only delays this necessary discovery and will needlessly delay the case irrespective of the outcome in *Fitzgerald*. *See* Docket No. 25, p. 11.

First, Defendant does not show that it will be unduly burdened absent an indefinite stay of the entire case, much less a showing of "a clear case of hardship." *Ben Ezra,* 206

F.3d at 987. At most, Defendant points to Plaintiff's initial disclosures as indicating the wide-ranging discovery Plaintiff *might* seek related to its *Fitzgerald* legal theory claims. Plaintiff notes, however, that it is currently only seeking limited discovery of lease files and working interest burden reports for the putative class wells, and it is willing to agree not seek discovery of materials related exclusively to transportation, fractionation and storage fees ("TF&S"). *See* Docket No. 25, pp. 2 & 11. Plaintiff specifically identifies the following discovery relevant to its plant fuel use claim: 1) leases and related contracts containing fuel use clauses; 2) plant processing statements and gas contracts; and 3) pay histories and related payment data. *Id.*, p. 9. Defendant does not challenge this statement except to argue TF&S claims permeate every phase of the case. *See* Docket No. 26, p. 3.

Second, it will not promote judicial economy to prevent non-TF&S discovery while awaiting an outcome on *Fitzgerald*. As the parties and the undersigned Magistrate Judge are aware, discovery in putative class action royalty underpayment cases is typically extensive and is often measured in years not months. Therefore, indefinitely delaying the production of lease and other basic information relevant to Plaintiff's non-TF&S claim will only further delay this case and is the opposite of promoting judicial economy.

**2. Avoiding Confusion and Inconsistent Results**

Defendant argues that *Fitzgerald* is inconsistent with Oklahoma precedent, Plaintiff's claims rely on *Fitzgerald* for its legal theory and that a stay will avoid inconsistent results. Defendant does not, however, provide any authority that a case should be automatically stayed while an appeal is pending that might affect the outcome. Indeed, it is generally the opposite. *See United States v. Heineman*, 767 F.3d 970, 971 n.1 (10th

Cir. 2014) (rejecting the argument that a court should await a pending Supreme Court decision rather than deciding a particular issue in a criminal case, since "[t]hat decision may not be handed down until next June, . . . there is always the possibility that an unexpected problem with the case will cause the Supreme Court not to proceed with its review," and even a defendant who is out on probation will suffer from the interim delay). Moreover, as noted above, allowing limited discovery of the lease files and non-TF&S matters does not create a risk of inconsistent results.

Defendant also argues somewhat inconsistently that under the Class Action Fairness Act this court is bound by the *Erie*[2] doctrine to follow Oklahoma law as pronounced by the Oklahoma Supreme Court, not COCA. *See* Docket No. 23, p. 8. Defendant argues at length that *Fitzgerald* departs from Oklahoma precedent, which implies that *Fitzgerald* is not binding on this court unless or until its holding is adopted by the Oklahoma Supreme Court. Thus, while an inconsistent result could occur at some future point, it is speculative as there is not presently any inconsistency.

**3. Undue Prejudice or Hardship to the Parties**

Defendant argues that allowing wide-ranging discovery into TF&S issues while *Fitzgerald* is unsettled will cause it prejudice and undue hardship. Defendant's argument ignores, however, that an indefinite stay will create prejudice and hardship to Plaintiff on its non-TF&S claim. Wide-ranging discovery could and likely would be prejudicial to Defendant if *Fitzgerald* is overturned and significantly modified by the Oklahoma Supreme

[2] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

Court. Again, however, allowing limited discovery of non-TF&S issues while *Fitzgerald's* fate is pending eliminates the likelihood of prejudice or hardship on both parties.

**Conclusion**

Accordingly, Defendant Continental Resources, Inc.'s Motion to Stay Proceedings Pending Appeal in *Fitzgerald v. Merit Energy Company, LLC* and Brief in Support [Docket No. 23] is DENIED IN PART and GRANTED IN PART. The parties are ordered to meet and confer to develop an agreed discovery plan identifying the scope of permissible discovery consistent with this Order while *Fitzgerald* is pending and to submit such plan as a Supplemental Joint Status Report not more than 21 days from the date of this Order. To the extent the parties cannot agree on a discovery plan, then each party is to submit its proposed discovery plan not more than 21 days from the date of this Order.

IT IS SO ORDERED this 20th day of October 2026.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**